**Jose MALPICA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 12–01–00330–CR.

Court of Appeals of Texas,
Tyler.

April 30, 2003.

La Juanda T. Lacy, Tyler, for appellant.

Edward J. Marty, Tyler, for State.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and BASS, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.

## OPINION

BILL BASS, Justice (Retired).

Appellant was convicted of robbery on his plea of guilty to the trial court. Appellant elected to have a jury to assess punishment. The jury assessed his punishment at confinement for ninety-nine years and a ten thousand dollar fine. We affirm.

### EXTRANEOUS OFFENSES

In his first issue presented, Appellant contends the trial court erred in refusing his request for a preliminary hearing outside the presence of the jury to determine whether the State could prove beyond a reasonable doubt that Appellant had committed extraneous offenses before allowing the introduction of evidence of those offenses.

The State filed notice that it intended to introduce evidence of Appellant's participation in another robbery that took place in Nacogdoches on the day before this offense. Immediately prior to trial, Appellant presented a motion in limine asking the court to conduct a hearing outside the presence of the jury and before the introduction of evidence of the extraneous offenses to determine if the State could sustain its burden of proving beyond a reasonable doubt that Appellant committed the extraneous offenses.

The trial judge implicitly denied Appellant's request for a preliminary hearing during the following exchange which occurred between the trial court and counsel:

THE COURT: I am inclined to do that and allow that evidence in. However, I think he might be entitled under Rankin perhaps to an instruction at that time that I could give to the jury that they are not to consider this unless they believe beyond a reasonable doubt that it took place.

PROSECUTOR: We agree. We have no objection to the verbal instruction in the charge.

THE COURT: The Court will give the verbal instruction if you request it, timely request it, at that time when the testimony is given, and you will also get the written instruction of the charge. I will do that.

MS. LACY: All right, sir.

At trial, two employees of Osburn Liquor Store testified concerning the robbery without objection.

 An appellate court reviews the trial court's decision to admit extraneous offense evidence under the abuse of discretion standard. *See Mitchell v. State*, 931 S.W.2d 950, 953 (Tex.Crim.App.1996). Since the 1993 amendments, our Code of Criminal Procedure has provided that at the punishment stage of the trial, the State may introduce evidence of extraneous crimes or bad acts "that [are] shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible...." Tex.Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp.2003). The trial court, however, must make a threshold determination that the jury could reasonably find beyond a reasonable doubt that the defendant committed the extraneous offense before it can admit evidence of the extraneous offense at the punishment phase of a non-capital trial. And if the evidence is admitted, the jury should be instructed that it should not consider the extraneous offense unless it believes be-

yond a reasonable doubt that the accused was the perpetrator. *See Mitchell*, 931 S.W.2d at 954; *see also Harrell v. State*, 884 S.W.2d 154, 160 (Tex.Crim.App.1994). There is authority that the requirement of a preliminary determination of relevance, and hence admissibility, can be satisfied by some form of preliminary review other than a hearing. *See Welch v. State*, 993 S.W.2d 690, 697 (Tex.App.-San Antonio 1999, no pet.). In *Welch*, the court of appeals held that a written proffer by the State of how it intended to prove the extraneous offenses sufficed to satisfy Article 37.07, Section 3(a) of the Code of Criminal Procedure. *Id.; see also Mann v. State*, 13 S.W.3d 89, 94 (Tex.App.-Austin 2000), *aff'd*, 58 S.W.3d 132 (Tex.Crim.App.2001). In *Mann*, the court of appeals quoted the holding in *Welch* that "[n]either the statute nor precedent require a hearing." *Id.* The *Mann* court said that the trial court's denial of appellant's request for a hearing after the State's proffer constituted "an implied ruling of admissibility." *Id.* Neither defendant objected to the introduction of the evidence of the extraneous offense during the trial. On appeal, neither Mann nor Welch contended that the State had failed to prove the offense beyond a reasonable doubt.

 In contrast to *Welch* and *Mann*, Appellant insists that the State failed to prove his participation in the extraneous offense beyond a reasonable doubt. Appellant's request for a preliminary hearing before the admission of extraneous offense evidence was, however, raised during the hearing on his motion in limine. Although he presented a motion in limine, which the trial court denied, he did not object during the trial to the evidence of the extraneous robbery. "Motions in limine do not preserve error." *Webb v. State*, 760 S.W.2d 263, 275 (Tex.Crim.App.1988); *see also Thomas v. State*, 1 S.W.3d 138, 143 (Tex.

App.-Texarkana 1999, pet. ref'd). Therefore, no error is preserved. Appellant's first issue is overruled.

### SUFFICIENCY OF THE EVIDENCE

■ In his second and third issues, Appellant maintains that the evidence is both legally and factually insufficient to establish beyond a reasonable doubt that Appellant committed the extraneous offenses of aggravated robbery and gang membership. Appellant relies on those cases that describe the standard of review appropriate in determining if the evidence is legally and factually sufficient to support a conviction. *See, e.g., Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996); *Mason v. State,* 905 S.W.2d 570, 574 (Tex. Crim.App.1995). The State introduced the evidence of the extraneous bad conduct without objection. The judge properly instructed the jury to consider the evidence of extraneous offenses only if they found beyond a reasonable doubt that the defendant committed them. *See Mitchell,* 931 S.W.2d at 954.

■ Although the same reasonable doubt standard required for conviction also applies at the punishment stage to proof of the accused's extraneous acts of misconduct, there is no comparable sufficiency review of the extraneous offense evidence introduced at punishment. Moreover, the reasonable doubt standard as applied to extraneous offenses at punishment lacks many of the procedural protections that reinforce its application at the guilt-innocence phase of trial. The State has no burden to prove any particular elements of extraneous offenses, and the jury need not be instructed on the elements of the extraneous offenses. *See, e.g., Autry v. State,* 27 S.W.3d 177, 181 (Tex.App.-San Antonio 2000, pet. ref'd); *Arnold v. State,* 7 S.W.3d 832, 834 (Tex.App.-Eastland 1999, pet. ref'd). Proof of extraneous offenses by accomplice testimony need not be corroborated. *See Salazar v. State,* 87 S.W.3d 680, 684 (Tex.App.-San Antonio 2002, no pet.); TEX.CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1979). The State need not prove the venue of the extraneous offense. *Stevenson v. State,* 963 S.W.2d 801 (Tex.App.-Fort Worth 1998, pet. ref'd). An extrajudicial confession of the extraneous offense need not be corroborated. *See Padron v. State,* 988 S.W.2d 344, 346 (Tex. App.-Houston [1st Dist.] 1999, no pet.).

■ Several reasons have been given for the disparity in treatment between two applications of the identical standard. Although proof of guilt beyond a reasonable doubt is constitutionally mandated, *see In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), neither the United States nor Texas constitutions require proof of facts used in assessing punishment. *Fields v. State,* 1 S.W.3d 687, 688 (Tex.Crim.App.1999). An assessment of punishment involves considerations far less grave than those involved in a determination of guilt. *See Wilson v. State,* 15 S.W.3d 544, 549 (Tex.App.-Dallas 1999, pet. ref'd). The evidence of extraneous offenses at punishment serves a very different purpose from evidence presented at the guilt-innocence phase. *See Fields,* 1 S.W.3d at 688. The United States Supreme Court has noted "[s]entencing courts have traditionally heard evidence and found facts without any prescribed burden of proof at all." *McMillan v. Pennsylvania,* 477 U.S. 79, 91, 106 S.Ct. 2411, 2419, 91 L.Ed.2d 67 (1986). In *Thompson v. State,* 4 S.W.3d 884, 886 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd), the court rejected a challenge to the sufficiency of the evidence to prove an extraneous assault reasoning that, since the punishment verdict in a non-capital

case is a general verdict, an appellate court cannot determine if the jury considered evidence of the extraneous offense or if it affected their verdict.

■■■■ We conclude that the only review possible of the sufficiency of the proof of an extraneous offense introduced at the punishment stage is a review under an abuse of discretion standard of the trial judge's threshold ruling on admissibility. If the judge is satisfied that there is evidence upon which a rational jury could find beyond a reasonable doubt that the defendant committed the extraneous misconduct, the defendant, in order to preserve error, must object to the introduction of the evidence of the extraneous bad act.

In the case at bar, Appellant, in his motion in limine, asked the trial judge to exclude evidence of extraneous offenses, not shown to be provable beyond a reasonable doubt. The evidence, however, was admitted without objection at trial. Therefore, no error was preserved. Appellant's issues two and three are overruled.

### Jury's Violation of Oath

■■■ In his fourth issue, Appellant asserts that the jury violated its oath under Article 35.22 of the Texas Code of Criminal Procedure. Appellant filed an application for probation alleging that he had never been convicted of a felony. The evidence shows that Appellant had never been convicted of a felony, although his commission of several felony offenses while a juvenile resulted in his adjudication as a delinquent. In its charge, the trial court instructed the jury that adjudication as a delinquent for the commission of a felony does not disqualify one for probation. Following the sentence and fine assessment, the jury was required to complete the following form: "We, the jury, find that the Defendant, Jose Malpica, _____ be-

fore been convicted of a felony in this or any other state. (Answer by stating "Has" or "Has Not")." "Has" was placed on the verdict form signed by the presiding juror. Appellant insists this is evidence that they could not have considered the full range of punishment as they were sworn to do.

The State argues there is no connection between the jurors' oaths at the beginning of the trial to consider the full range of punishment, and their error in deciding that Appellant had been convicted of a felony. We agree. Moreover, since the jury assessed his punishment at confinement for ninety-nine years, Appellant could not have been considered for probation. The jury's error did not harm Appellant. Appellant's fourth issue is overruled.

### Conclusion

The judgment of the trial court is *affirmed.*