COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-468-CR
                                         NO. 
2-03-469-CR
                                         NO. 
2-03-470-CR
  
  
GARY 
DEWAYNE BLAGG                                                       APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 16TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Gary DeWayne Blagg was charged by separate indictments with three aggravated 
robberies. A jury found him guilty in each of the three cases and, in each case, 
sentenced him to ninety-nine years’ confinement as a habitual offender. 
Appellant brings seven points on appeal, complaining of the admission of 
evidence of an unadjudicated prior offense at punishment and the trial court’s 
related failure to give an unrequested jury instruction (points one through 
four), the trial court’s failure to give a mandatory parole instruction (point 
five), the State’s allegedly improper voir dire on the range of punishment 
(point six), and ineffective assistance of trial counsel (point seven). Because 
we hold that the trial court did not reversibly err and that Appellant has not 
proved his claim of ineffective assistance of trial counsel, we affirm the trial 
court’s judgments.
Background 
Facts
        On 
July 8, 2002, the three complainants, Todd King, his brother Chad King, and 
Chad’s wife Barbie, along with Chad and Barbie’s baby, arrived at Chad and 
Barbie’s home. They noticed a white van parked in front of the house. A blonde 
woman was walking from the front door of the house to the van. After the woman 
got in the van, Todd asked her if he could help her, and she replied that she 
was looking for ”Sara.“ After Todd informed her that she had the wrong 
house, she honked the horn and drove off.
        As 
Chad approached the front door of his home, he heard the house alarm going off. 
Chad saw two men, one in a yellow shirt and one in a blue shirt, standing at his 
front door. The man in the yellow shirt charged at Chad and threw a fire safe 
taken from the house at him. The fire safe hit Chad in the shoulder. The man in 
the yellow shirt then pulled a gun out of his waistband. Appellant, the man in 
the blue shirt, dropped the items in his hands and pulled a gun out of his 
waistband as well. Appellant pointed the gun at Chad and yelled for him to get 
down. Appellant then pointed the gun at Chad, Todd, and Barbie and yelled at 
them all to get down. After they all lay down on the ground, Appellant and the 
man in the yellow shirt ran down the street and around the corner. Todd noticed 
that Appellant ran as if he had a limp. Chad called 911, and shortly thereafter, 
the same white van that had been at the house earlier drove back down the 
street. Chad and Todd were able to read the license plate number to the 911 
operator. Appellant was subsequently arrested, indicted, tried, convicted, and 
sentenced. This appeal followed.
Extraneous Acts 
of Misconduct at Punishment
        In 
his first three points, Appellant complains of the admission of an unadjudicated 
bad act during the punishment phase. At punishment, the State offered evidence 
that Appellant was driving a vehicle in Marshall, Texas, and was pulled over for 
a traffic violation. He was alone in the car, and the officer found a pill 
bottle containing what the officer believed to be cocaine under the hood on the 
right side of the car. Testing confirmed that the substance was cocaine. The 
officer arrested Appellant for possession of a controlled substance.
        In 
his third point, Appellant argues that the trial court erred by not making a 
threshold determination that the extraneous offense was relevant and therefore 
admissible. The record reflects that the trial court had the opportunity to 
determine, outside the presence of the jury, the admissibility of the 
unadjudicated cocaine possession offense. Implicit in the record is the trial 
court’s conclusion that the extraneous offense was relevant and therefore 
admissible.[2]  We overrule Appellant’s third 
point.
        As 
to his first and second points regarding admission of the extraneous offense, 
our review of the record shows that at trial, Appellant objected to the entire 
line of questioning on the bases that the extraneous offense had no final 
conviction, that it was not relevant, and that it was prejudicial. He did not 
object that the extraneous offense evidence was unreliable or that the evidence 
was legally insufficient to establish possession of cocaine.
        We 
point out that although Appellant couches his second point in terms of legal 
sufficiency, and an appellate challenge to the legal sufficiency of the evidence 
supporting conviction cannot be forfeited for failure to object at trial,[3]  when an appellant complains on appeal of the 
sufficiency of the evidence of an extraneous offense at punishment, his 
complaint is not truly about sufficiency. Rather, his complaint goes to the 
admission of the evidence.[4]  That is, 
Appellant’s complaint on appeal is a claim of evidentiary trial error—a 
complaint that can be forfeited for the failure to object at trial.[5]
        To 
preserve a complaint for appellate review, the objection at trial must be the 
same as the complaint raised on appeal.[6]  
Because Appellant’s complaints on appeal do not comport with his objections at 
trial, Appellant has not preserved them for appellate review. We overrule his 
first and second points.
        In 
his fourth point, Appellant urges us to reverse his conviction because the trial 
court erred by failing to instruct the jury to disregard evidence of the 
unadjudicated cocaine possession offense as the evidence presented by the State 
was legally insufficient. Appellant did not request such an instruction at 
trial. The trial court did properly instruct the jury to disregard the evidence 
of the extraneous offense unless the jury found the evidence true beyond a 
reasonable doubt.[7]  The jury instruction given 
was sufficient to protect Appellant’s substantial rights. We overrule 
Appellant’s fourth point.
Parole 
Instructions
        In 
his fifth point, Appellant argues that the trial court committed reversible 
error in failing to submit to the jury the instruction mandated by Article 
37.07(4)(a) of the Texas Code of Criminal Procedure.[8]   
Neither the State nor Appellant objected to the omission of the statutory 
language.  The State concedes that omission of the required instruction is 
error.  Because Appellant did not object at trial to the error in the 
court’s charge, we must decide whether the error was so egregious and created 
such harm that he did not have a fair and impartial trial—in short, that 
“egregious harm” has occurred.[9]
        The 
trial court gave the jury a different version of the Article 37.07 instruction:
  
In determining the punishment in this case, you are instructed that you are not 
to discuss among yourselves how long the defendant will be required to serve any 
sentence you decide to impose. Such matters come within the exclusive 
jurisdiction of the Board of Pardons and Paroles and the Governor of the State 
of Texas.
 
 
        The 
State argues that the actual instruction given by the trial court worked in 
Appellant’s favor because the required instruction discusses early release and 
good conduct time. Whether it actually worked in Appellant’s favor is a 
question we are not prepared to answer. We do hold that the trial court 
substantially complied with the mandatory parole law instruction.
        Appellant 
argues that the ninety-nine year sentence supports his assertion that he 
suffered egregious harm. We disagree. The jury heard evidence that when 
Appellant was arrested, the police found items in his hotel room including a 
nine-millimeter semi-automatic pistol, a nine-millimeter magazine, nine 
millimeter ammunition, and a Radio Shack police call frequency guide. The jury 
also heard that when Appellant was transported to jail, he was belligerent and 
argumentative and told the transporting officer that had he been able to get his 
“piece,” he would have taken some of them with him.
        The 
jurors heard evidence of a 1991 aggravated assault conviction, a 1991 burglary 
of a vehicle conviction, a 2002 assault with bodily injury conviction, and a 
2003 possession of a fire arm conviction. In addition, the jury heard Appellant 
plead true to the two enhancement paragraphs—a 1991 conviction for felony 
theft and a 1993 conviction for possession of a deadly weapon in a penal 
institution. On top of all of this, the jury members heard the facts of the 
current offenses for which they had just convicted Appellant. Based on our 
review of the record under the Almanza standard of review,[10] we hold that Appellant did not suffer egregious harm 
from the altered parole instruction.  We overrule Appellant’s fifth 
point.
Voir Dire
        In 
his sixth point, Appellant complains that during voir dire, the prosecutor 
stated that the range of punishment was twenty-five years to life. The 
confinement portion of the range of punishment for a first degree felony is from 
five to ninety-nine years or life.[11]  
Appellant did not object to the prosecutor’s comment during trial. 
Consequently, he has preserved nothing for review.
        Appellant 
relies on Blue v. State,[12] arguing that the 
harm from the prosecutor’s comment was so egregious that he did not have to 
object to preserve the issue for review. Appellant was charged as a habitual 
offender, and the jury members were eventually correctly instructed that if they 
found true the two enhancements to which Appellant pled true, the confinement 
portion of the range of punishment was from twenty five to ninety-nine years or 
life.[13]  We do not find that Appellant 
suffered egregious harm from the prosecutor’s statement; he therefore did not 
preserve this complaint for review. We overrule Appellant’s sixth point.
Ineffective 
Assistance of Counsel
        In 
his seventh point, Appellant argues that he received ineffective assistance of 
counsel for various reasons. A motion for new trial was filed, alleging only 
that the verdict was contrary to the law and the evidence, but no evidentiary 
affidavit was attached, and no hearing was held. Consequently, the record does 
not reveal the basis for counsel’s actions and omissions. This court will not 
“reverse a conviction on ineffective assistance of counsel grounds when 
counsel's actions or omissions may have been based upon tactical decisions, but 
the record contains no specific explanation for counsel's decisions.”[14]  Accordingly, based upon the applicable standard of 
review,[15] we overrule Appellant's seventh point.
Conclusion
        Having 
overruled Appellant’s seven points, we affirm the trial court’s judgments.
  
 
                                                          LEE 
ANN DAUPHINOT
                                                          JUSTICE
  
 
 
PANEL 
A:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 26, 2005

 
NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
See Mann v. State, 13 S.W.3d 89, 94 (Tex. App.—Austin 2000), aff'd, 
58 S.W.3d 132 (Tex. Crim. App. 2001).
3. 
See Moff v. State, 131 S.W.3d 485, 490 (Tex. Crim. App. 2004).
4. 
See Malpica v. State, 108 S.W.3d 374, 378-79 (Tex. App.—Tyler 2003, no 
pet.).
5. 
See Moff, 131 S.W.3d at 490.
6. 
See Tex. R. App. P. 
33.1(a)(1)(A); Heidelberg v. State, 144 S.W.3d 535, 538 (Tex. Crim. App. 
2004); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. 
on reh’g), cert. denied, 526 U.S. 1070 (1999); Bell v. State, 
938 S.W.2d 35, 54 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 827 
(1997); Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).
7. 
See Huizar v. State, 12 S.W.3d 479, 483-84 (Tex. Crim. App. 2000).
8. 
Tex. Code Crim. Proc. Ann. art. 
37.07(4)(a) (Vernon Supp. 2004-05).
9. 
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on 
reh’g); see Tex. Code Crim. 
Proc. Ann. art. 36.19 (Vernon 1981); Hutch v. State, 922 S.W.2d 
166, 171 (Tex. Crim. App. 1996).
10. 
See Almanza, 686 S.W.2d at 171; see generally Hutch, 922 
S.W.2d at 172-74.
11. 
Tex. Penal Code Ann. § 12.32(a) 
(Vernon 2003).
12. 
41 S.W.3d 129, 132 (Tex. Crim. App. 2000).
13. 
See Tex. Penal Code Ann. § 
12.42(d).
14. 
Bone v. State, 77 S.W.3d 828, 830 (Tex. Crim. App. 2002).
15. 
See Strickland v. Washington, 466 U.S. 668, 687-90, 694, 104 S. Ct. 2052, 
2064-66, 2068 (1984); Thompson v. State, 9 S.W.3d 808, 812-14 (Tex. Crim. 
App. 1999).