Gary Dewayne Blagg v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-468-CR

NO. 2-03-469-CR

NO. 2-03-470-CR

GARY DEWAYNE BLAGG APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Gary DeWayne Blagg was charged by separate indictments with three aggravated robberies.  A jury found him guilty in each of the three cases and, in each case, sentenced him to ninety-nine years’ confinement as a habitual offender.  Appellant brings seven points on appeal, complaining of the admission of evidence of an unadjudicated prior offense at punishment and the trial court’s related failure to give an unrequested jury instruction (points one through four), the trial court’s failure to give a mandatory parole instruction (point five), the State’s allegedly improper voir dire on the range of punishment (point six), and ineffective assistance of trial counsel (point seven).  Because we hold that the trial court did not reversibly err and that Appellant has not proved his claim of ineffective assistance of trial counsel, we affirm the trial court’s judgments.

Background Facts

On July 8, 2002, the three complainants, Todd King, his brother Chad King, and Chad’s wife Barbie, along with Chad and Barbie’s baby, arrived at Chad and Barbie’s home.  They noticed a white van parked in front of the house.  A blonde woman was walking from the front door of the house to the van.  After the woman got in the van, Todd asked her if he could help her, and she replied that she was looking for ”Sara.“  After Todd informed her that she had the wrong house, she honked the horn and drove off.

As Chad approached the front door of his home, he heard the house alarm going off.  Chad saw two men, one in a yellow shirt and one in a blue shirt, standing at his front door.  The man in the yellow shirt charged at Chad and threw a fire safe taken from the house at him.  The fire safe hit Chad in the shoulder.  The man in the yellow shirt then pulled a gun out of his waistband.  Appellant, the man in the blue shirt, dropped the items in his hands and pulled a gun out of his waistband as well.  Appellant pointed the gun at Chad and yelled for him to get down.  Appellant then pointed the gun at Chad, Todd, and Barbie and yelled at them all to get down.  After they all lay down on the ground, Appellant and the man in the yellow shirt ran down the street and around the corner.  Todd noticed that Appellant ran as if he had a limp.  Chad called 911, and shortly thereafter, the same white van that had been at the house earlier drove back down the street.  Chad and Todd were able to read the license plate number to the 911 operator.  Appellant was subsequently arrested, indicted, tried, convicted, and sentenced.  This appeal followed.

Extraneous Acts of Misconduct at Punishment

In his first three points, Appellant complains of the admission of an unadjudicated bad act during the punishment phase.  At punishment, the State offered evidence that Appellant was driving a vehicle in Marshall, Texas, and was pulled over for a traffic violation.  He was alone in the car, and the officer found a pill bottle containing what the officer believed to be cocaine under the hood on the right side of the car.  Testing confirmed that the substance was cocaine.  The officer arrested Appellant for possession of a controlled substance.

In his third point, Appellant argues that the trial court erred by not making a threshold determination that the extraneous offense was relevant and therefore admissible.  The record reflects that the trial court had the opportunity to determine, outside the presence of the jury, the admissibility of the unadjudicated cocaine possession offense.  Implicit in the record is the trial court’s conclusion that the extraneous offense was relevant and therefore admissible.
(footnote: 2)  We overrule Appellant’s third point.

As to his first and second points regarding admission of the extraneous offense, our review of the record shows that at trial, Appellant objected to the entire line of questioning on the bases that the extraneous offense had no final conviction, that it was not relevant, and that it was prejudicial. He did not object that the extraneous offense evidence was unreliable or that the evidence was legally insufficient to establish possession of cocaine.

We point out that although Appellant couches his second point in terms of legal sufficiency, and an appellate challenge to the legal sufficiency of the evidence supporting conviction cannot be forfeited for failure to object at trial,
(footnote: 3) when an appellant complains on appeal of the sufficiency of the evidence of an extraneous offense at punishment, his complaint is not truly about sufficiency.  Rather, his complaint goes to the admission of the evidence.
(footnote: 4)  That is, Appellant’s complaint on appeal is a claim of evidentiary trial error—a  complaint that can be forfeited for the failure to object at trial.
(footnote: 5)
 To preserve a complaint for appellate review, the objection at trial must be the same as the complaint raised on appeal.
(footnote: 6)  Because Appellant’s complaints on appeal do not comport with his objections at trial, Appellant has not preserved them for appellate review.  We overrule his first and second points.

In his fourth point, Appellant urges us to reverse his conviction because the trial court erred by failing to instruct the jury to disregard evidence of the unadjudicated cocaine possession offense as the evidence presented by the State was legally insufficient.  Appellant did not request such an instruction at trial.  The trial court did properly instruct the jury to disregard the evidence of the extraneous offense unless the jury found the evidence true beyond a reasonable doubt.
(footnote: 7)  The jury instruction given was sufficient to protect Appellant’s substantial rights.  We overrule Appellant’s fourth point.

Parole Instructions

In his fifth point, Appellant argues that the trial court committed reversible error in failing to submit to the jury the instruction mandated by Article 37.07(4)(a) of the Texas Code of Criminal Procedure.
(footnote: 8)  Neither the State nor Appellant objected to the omission of the statutory language.  The State concedes that omission of the required instruction is error.  Because Appellant did not object at trial to the error in the court’s charge, we must decide whether the error was so egregious and created such harm that he did not have a fair and impartial trial—in short, that “egregious harm” has occurred.
(footnote: 9)
 The trial court gave the jury a different version of the Article 37.07 instruction:

In determining the punishment in this case, you are instructed that you are not to discuss among yourselves how long the defendant will be required to serve any sentence you decide to impose.  Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas.

The State argues that the actual instruction given by the trial court worked in Appellant’s favor because the required instruction discusses early release and good conduct time.  Whether it actually worked in Appellant’s favor is a question we are not prepared to answer.  We do hold that the trial court substantially complied with the mandatory parole law instruction.

Appellant argues that the ninety-nine year sentence supports his assertion that he suffered egregious harm.  We disagree.  The jury heard evidence that when Appellant was arrested, the police found items in his hotel room including a nine-millimeter semi-automatic pistol, a nine-millimeter magazine, nine millimeter ammunition, and a Radio Shack police call frequency guide.  The jury also heard that when Appellant was transported to jail, he was belligerent and argumentative and told the transporting officer that had he been able to get his “piece,” he would have taken some of them with him.

The jurors heard evidence of a 1991 aggravated assault conviction, a 1991 burglary of a vehicle conviction, a 2002 assault with bodily injury conviction, and a 2003 possession of a fire arm conviction.  In addition, the jury heard Appellant plead true to the two enhancement paragraphs—a 1991 conviction for felony theft and a 1993 conviction for possession of a deadly weapon in a penal institution.  On top of all of this, the jury members heard the facts of the current offenses for which they had just convicted Appellant.  Based on our review of the record under the 
Almanza
 standard of review,
(footnote: 10) we hold that Appellant did not suffer egregious harm from the altered parole instruction.  We overrule Appellant’s fifth point.

Voir Dire

In his sixth point, Appellant complains that during voir dire, the prosecutor stated that the range of punishment was twenty-five years to life.  The confinement portion of the range of punishment for a first degree felony is from five to ninety-nine years or life.
(footnote: 11)  Appellant did not object to the prosecutor’s comment during trial.  Consequently, he has preserved nothing for review. Appellant relies on 
Blue v. State
,
(footnote: 12) arguing that the harm from the prosecutor’s comment was so egregious that he did not have to object to preserve the issue for review.  Appellant was charged as a habitual offender, and the jury members were eventually correctly instructed that if they found true the two enhancements to which Appellant pled true, the confinement portion of the range of punishment was from twenty five to ninety-nine years or life.
(footnote: 13)  We do not find that Appellant suffered egregious harm from the prosecutor’s statement; he therefore did not preserve this complaint for review.  We overrule Appellant’s sixth point.

Ineffective Assistance of Counsel

In his seventh point, Appellant argues that he received ineffective assistance of counsel for various reasons.  A motion for new trial was filed, alleging only that the verdict was contrary to the law and the evidence, but no evidentiary affidavit was attached, and no hearing was held.  Consequently, the record does not reveal the basis for counsel’s actions and omissions.  This court will not “reverse a conviction on ineffective assistance of counsel grounds when counsel's actions or omissions may have been based upon tactical decisions, but the record contains no specific explanation for counsel's decisions.”
(footnote: 14)  Accordingly, based upon the applicable standard of review,
(footnote: 15) we overrule Appellant's seventh point.

Conclusion

Having overruled Appellant’s seven points, we affirm the trial court’s judgments.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 26, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See Mann v. State
, 13 S.W.3d 89, 94 (Tex. App.—Austin 2000), 
aff'd
,  58 S.W.3d 132 (Tex. Crim. App. 2001).

3:
See Moff v. State
, 
131 S.W.3d 485, 490 (Tex. Crim. App. 2004).

4:
See Malpica v. State
, 108 S.W.3d 374, 378-79 (Tex. App.—Tyler 2003, no pet.).

5:
See Moff
, 
131 S.W.3d at 490.

6:
See 
Tex. R. App. P.
 33.1(a)(1)(A); 
Heidelberg v. State
, 144 S.W.3d 535, 538 (Tex. Crim. App. 2004)
; 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999)
; 
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997); 
Rezac v. State
, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).

7:
See Huizar v. State
, 12 S.W.3d 479, 483-84 (Tex. Crim. App. 2000).

8:
Tex. Code Crim. Proc. Ann.
 art. 37.07(4)(a) (Vernon Supp. 2004-05).

9:
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g);
 see 
Tex. Code Crim. Proc. Ann
. art. 36.19 (Vernon 1981); 
Hutch v. State
, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

10:
See
 
Almanza
, 686 S.W.2d at 171; 
see generally Hutch
, 922 S.W.2d at 172-74.

11:
Tex. Penal Code Ann.
 § 12.32(a) (Vernon 2003).

12:
41 S.W.3d 129, 132 (Tex. Crim. App. 2000).

13:
See 
Tex. Penal Code Ann.
 § 12.42(d).

14:
Bone v. State
, 77 S.W.3d 828, 830 (Tex. Crim. App. 2002).

15:
See Strickland v. Washington
, 466 U.S. 668, 687-90, 694, 104 S. Ct. 2052, 2064-66, 2068 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812-14 (Tex. Crim. App. 1999).