Affirmed and Memorandum Opinion filed June 21, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00161-CR

___________________

 

JUAN CARLOS ULLOA,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 183rd District Court

Harris County,
Texas



Trial Court Cause No. 1201535

 



 

 

MEMORANDUM OPINION

            A
jury convicted appellant, Juan Carlos Ulloa, of aggravated robbery and assessed
punishment at seventy-five years’ confinement.  In four issues, appellant
contends the trial court erred by admitting extraneous-offense evidence during
the punishment phase of trial.  We affirm.    

I.   Background

            The State
presented evidence that in January 2009, appellant and several other men
entered a hair salon owned by complainant, Ana Rubio.  Appellant exhibited a
handgun and demanded money from complainant and her employee, identified as
Maria.  According to the complainant, appellant informed her that he and the
other men belonged to “Mara Salvatrucha,” a dangerous street gang.  Appellant
and his accomplices took money, electronic equipment and several personal items
from the women, and fled the scene.  

Subsequently, appellant was arrested and charged with
aggravated robbery.  A jury found appellant guilty.  During the punishment
phase, the State introduced evidence pertaining to several extraneous offenses
or bad acts.  First, the State presented evidence that appellant committed
burglary, theft, driving without a license, and failure to provide proof of
financial responsibility.  Second, the State presented evidence that appellant
was a member of Mara Salvatrucha and, at the time of his arrest, was preparing
to commit a burglary (the State focused on a blue bandana found in appellant’s
vehicle when he was arrested; blue is a color often worn by members of Mara
Salvatrucha).  Third, the State presented evidence that appellant participated
in a “drive-by shooting” at the complainant’s hair salon shortly after he
committed the robbery.  

II.   Extraneous Offenses and
Bad Acts

A.  
Admission of extraneous offenses and bad acts

In his first issue, appellant contends the trial court erred by admitting
evidence of the extraneous offenses and bad acts without first determining whether
the State could prove beyond a reasonable doubt that appellant committed the
offenses and bad acts.  Section 3 of Article 37.07 of the Code of Criminal
Procedure governs admission of extraneous-offense evidence during the
punishment phase:  

[E]vidence
may be offered by the state and the defendant as to any matter the court deems
relevant to sentencing, including but not limited to the prior criminal record
of the defendant, his general reputation, his character, an opinion regarding
his character, the circumstances of the offense for which he is being tried,
and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other
evidence of an extraneous crime or bad act that is shown beyond a reasonable
doubt by evidence to have been committed by the defendant or for which he could
be held criminally responsible, regardless of whether he has previously been
charged with or finally convicted of the crime or act.

Tex. Code
Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2009); see also Smith v.
State, 227 S.W.3d 753, 759–60 (Tex. Crim. App. 2007) (“Unless the
extraneous misconduct evidence is such that the [jury] can rationally find the
defendant criminally responsible for the extraneous misconduct, the trial court
is not permitted to admit it at a punishment hearing.”).  However, appellant
waived this complaint by failing to timely object to admission of the
extraneous-offense evidence.  See Tex. R. App. P. 33.1(a); Malpica v.
State, 108 S.W.3d 374, 379 (Tex. App.—Tyler 2003, pet. ref’d)
(concluding defendant failed to preserve any argument regarding trial court’s
threshold ruling on admissibility).                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                        

Further, collateral to his
first issue, appellant contends the trial court erred by failing to define the
law-of-parties in the extraneous-offense section of the punishment charge.  The
trial court instructed the jury to consider evidence of an extraneous crime or
bad act if the crime or bad act was “shown by the State beyond a reasonable
doubt to have been committed by the defendant or is one for which the
defendant could be held criminally responsible.” (emphasis added). 
According to appellant, the jury could have improperly found he was responsible
for the extraneous offenses because the phrase “criminally responsible” was not
defined in the charge.  The phrase “criminally responsible” is specifically
defined in sections 7.01 and 7.02 of the Penal Code.  Tex. Penal Code Ann. §§
7.01, 7.02 (West 2011).

In Haley v. State,
the court of appeals determined that the trial court erred by failing to define
the law-of-parties in the extraneous-offense section of the punishment charge. 
113 S.W.3d 801, 810–14 (Tex. App.—Austin 2003), aff’d, 173 S.W.3d 510
(Tex. Crim. App. 2005).  The Court of Criminal Appeals did not consider whether
the court of appeals erred by holding that the trial court should have included
an instruction or definition regarding the law of parties.  Haley v. State,
173 S.W.3d 510, 514–15 (Tex. Crim. App. 2005).  However, the court did
determine that an extraneous bad act, proved beyond a reasonable doubt to be
attributable to the defendant, is admissible, regardless of whether the act
amounts to an offense under the Penal Code:

[S]everal
principles are apparent from article 37.07 § 3(a)’s text.  First, § 3(a) does
not contemplate any significant distinction between the terms “bad act” or
“extraneous offense.”  The statute expressly states “evidence of an extraneous
crime or bad act . . . to have been committed by the defendant or for which he
could be held criminally responsible.”  Under this statute, it
is irrelevant whether the conduct the offering party is attempting to prove is,
or can be characterized, as an offense under the Texas Penal
Code.  The inclusion of acts rising to the level of criminal responsibility
and acts appropriately labeled “bad” in the statute’s language make it clear
that the act’s nomenclature does not place each on a separate path towards
admissibility.  

Second, the statutorily imposed burden of proof beyond a reasonable doubt
does not require the offering party to necessarily prove that the act was a
criminal act or that the defendant committed a crime.  Before the jury can
consider this evidence in assessing punishment, it must be satisfied beyond
a reasonable doubt that the acts are attributable to the defendant.  We
interpret the statute to require the burden of proof to be applied to a
defendant’s involvement in the act itself, instead of the elements of a crime
necessary for a finding of guilt.

Third, the statute’s plain language is in harmony with the nature and
general characteristics of punishment evidence.  By holding that a jury must
find [the defendant] guilty of murder as a party to the offense, the Court of
Appeals equates the role of punishment evidence with evidence proffered in the
guilt-innocence phase.  Unlike the guilt-innocence phase, the question at
punishment is not whether the defendant has committed a crime, but instead what
sentence should be assessed.  Whereas
the guilt-innocence stage requires the jury to find the defendant guilty beyond
a reasonable doubt of each element of the offense, the punishment phase
requires the jury only find that these prior acts are attributable to the defendant
beyond a reasonable doubt.

Id. (emphasis added) (citations
omitted).  Thus, extraneous offenses and bad acts should not be treated
differently when a trial court determines admissibility or when a jury
determines whether the conduct is attributable to the defendant.  This principle
means a defendant may be found “criminally responsible” for an extraneous
criminal offense or bad act if the State proves the criminal offense or bad act
is attributable to the defendant beyond a reasonable doubt.  Therefore, the
trial court was not required to include the definition of “criminally
responsible” from sections 7.01 and 7.02 when charging the jury on extraneous
offenses and bad acts during the punishment phase.  Cf. Hanson v. State, 269 S.W.3d 130, 133–34 (Tex. App.—Amarillo 2008, no pet.)
(“When an extraneous bad act is admitted for consideration during the
punishment phase, the jury is not required to assess whether a statutory crime
occurred; rather, its obligation is to determine, beyond a
reasonable doubt, whether that appellant was involved in the bad act being
offered as evidence.”).  Accordingly, we
overrule appellant’s first issue.

B.   Sufficiency of
evidence supporting extraneous offenses and bad acts

            In his second
issue, appellant contends the State failed to prove the extraneous offenses and
bad acts beyond a reasonable doubt.  We construe this contention as a challenge
to legal sufficiency of the evidence supporting extraneous offenses.  Although
courts of appeals review sufficiency of the evidence supporting a conviction,
they do not review sufficiency of evidence supporting an extraneous offense
presented during a punishment hearing; instead, courts of appeals construe such
arguments as a challenge to admission of the extraneous-offense evidence.  See
Malpica, 108 S.W.3d at 379; Thompson v. State, 4 S.W.3d
884, 886 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d).[1]  Having determined
appellant waived any error relative to the trial court’s admission of
extraneous-offense evidence, we overrule his second issue.   

C.   Notice of extraneous
offenses

In his third issue, appellant contends the State
failed to provide timely notice of its intent to present evidence pertaining to
extraneous offenses appellant was allegedly planning to commit before he was
arrested.  “On timely request of the defendant, notice of intent to introduce
evidence [of extraneous offenses or bad acts] shall be given in the same manner
required by Rule 404(b).”  Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g). 
Appellant timely requested notice of any extraneous-offense evidence the State
it intended to present during the punishment hearing.  However, appellant did
not object on the basis of lack of notice when the State introduced evidence
regarding the extraneous offenses in question.  Accordingly, appellant waived
any lack of notice relative to these extraneous offenses.  See Tex. R.
App. P. 33.1(a); Wooden v. State, 929 S.W.2d 77, 79 (Tex.
App.—El Paso 1996, no pet.).

D.   Assistance of counsel

In his final issue, appellant contends his counsel was
ineffective because he failed to object to the trial court’s admission of
extraneous-offense evidence.  To prevail on an ineffective-assistance claim, the
appellant must prove by a preponderance of the evidence that his trial counsel’s
representation was deficient because it fell below the standard of prevailing
professional norms.  See Salinas v. State, 163 S.W.3d 734, 740 (Tex.  Crim.
App. 2005) (citing Strickland v. Washington, 466
U.S. 668, 687 (1984)).  We begin with the strong presumption that defense counsel’s
actions and decisions were reasonably professional and motivated by sound trial
strategy.  Cadoree v. State, 331 S.W.3d 514, 527 (Tex. App.—Houston
[14th Dist.] 2011, no pet.).  To overcome the presumption, an “allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.”  Thompson, 9
S.W.3d at 814 (quoting McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996)).  When there is no record relative to counsel’s
decisions and actions, an allegation of ineffective assistance often lies
beyond effective appellate review.  Cadoree, 331 S.W.3d at 527.  However,
counsel’s performance may fall below an objective standard
of reasonableness as a matter of law when his conduct is not justifiable as reasonable
trial strategy.  Andrews v.
State, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).  Our review of defense counsel’s conduct, however, must be highly deferential, and
we should avoid the deleterious effects of hindsight.  Ingham v. State,
679 S.W.2d 503, 509 (Tex. Crim. App. 1984).  We should not find deficient
performance unless the challenged conduct was “so outrageous that no competent
attorney would have engaged in it.”  Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57 S.W.3d
436, 440 (Tex. Crim. App. 2001)).

            In
the present case, appellant did not file a motion for a new trial, and there is
nothing in the record that explains why counsel failed to object or request a
preliminary hearing regarding whether extraneous-offense evidence was
admissible.  When the record is silent, we will not speculate about trial
counsel’s strategy or reasoning to find counsel ineffective.  Gamble v.
State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). 
Additionally, this case does not present a situation in which no reasonable
trial strategy would justify counsel’s failure to object to the
extraneous-offense evidence.  We do not know whether counsel was aware of the
extraneous offenses prior to trial, or whether he reasonably believed the State
had sufficient evidence to prove, beyond a reasonable doubt, appellant
committed the offenses.  Further, counsel actually referred to the
extraneous-offense evidence during the punishment hearing.  Counsel argued (1)
the torn bandana found in appellant’s car at the time of his arrest supports a
conclusion that he was gainfully employed as a construction worker, (2) no
weapons or burglary tools were found in appellant’s vehicle at the time of his
arrest, and (3) the evidence did not connect appellant to the “drive-by
shooting,” but supports a conclusion that another person was the shooter.  Accordingly,
notwithstanding the severity of appellant’s seventy-five-year sentence, we
conclude the record does not affirmatively demonstrate counsel was ineffective by
failing to object to admission of extraneous-offense evidence during the
punishment hearing.  We overrule appellant’s fourth issue.

            The
trial court’s judgment is affirmed.      

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

Panel consists of Justices
Anderson, Seymore, and McCally.

Do Not Publish — Tex. R. App.
P. 47.2(b).









[1] Appellant argues that Thompson
and Malpica conflict with the Court of Criminal Appeals’s decision in Haley,
173 S.W.3d 510.  According to appellant, in Haley, the court of appeals
determined the evidence was insufficient to support a finding that the
defendant was a party to an extraneous murder.  Appellant contends the Court of
Criminal Appeals implicitly approved of the court of appeals’s review of the
sufficiency of the evidence supporting the extraneous murder because the high
court did not expressly disapprove of such review.  Although we do not agree
that lack of the Court of Criminal Appeals’s disapproval of a court of appeals’s
action should be interpreted as implicit approval of the action, appellant’s
reliance on Haley is nevertheless misplaced: the court of appeals did
not conduct a legal-sufficiency review of the evidence supporting the
extraneous offense; instead, it determined that the evidence was insufficient
to connect the defendant to the offense and, therefore, the trial court erred
by admitting the evidence over the defendant’s objection.  Haley, 113
S.W.3d at 810–13.