

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00008-CR

JORDAN BOOKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2015-408,013, Honorable John J. McClendon, III, Presiding

July 20, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Jordan Booker, appeals his conviction for aggravated robbery. Through two issues, he questions the sufficiency of the evidence establishing that he 1) used or exhibited a deadly weapon during the robbery and 2) committed the extraneous offenses used to enhance punishment. We affirm.

*Issue One – Deadly Weapon Finding*

The pertinent standard of review is discussed in *Fraser v. State*, 523 S.W.3d 320 (Tex. App.—Amarillo 2017, pet. ref'd). We apply it here. Next, a deadly weapon is a

firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury or anything that in the manner of its use can cause death or serious bodily injury. *Phillips v. State*, No. 07-17-00102-CR, 2018 Tex. App. LEXIS 5746, at *9 (Tex. App.—Amarillo July 25, 2018, no pet.) (mem. op., not designated for publication). As can be seen from that definition, a firearm is a deadly weapon, per se. *Id.* Furthermore, it is unnecessary for the State to produce the firearm to prove that one was used or exhibited. *Id.*

Here, appellant was charged with committing aggravated robbery. The only element of that crime in play on appeal is that requiring the defendant's use or exhibition of a deadly weapon during the robbery. *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2019) (stating that one commits aggravated robbery by committing robbery and, among other things, using or exhibiting a deadly weapon). Appellant believes that the State failed to prove he used or exhibited one during his robbery of a local Denny's despite the evidence from several eyewitnesses illustrating he pointed a handgun at various restaurant employees. Though a handgun was later found in a vehicle purportedly operated by him, nothing linked the gun to him, according to appellant. So, in his estimation, there was a failure of proof regarding the element in question.

Even if we assumed *arguendo* that the handgun found in the vehicle he drove was not the one he held while confronting the employees at Denny's, appellant does not dispute on appeal that he pointed a handgun at one or more restaurant employees during the incident. Nor does he dispute that one or more employees of the establishment so testified. As previously mentioned, the actual handgun need not be produced to secure the finding at issue. *See Phillips*, 2018 Tex. App. LEXIS 5746, at *9. If the handgun need

not be produced, it matters not that the one found in the vehicle was or was not the firearm he brandished. It was enough that the restaurant employees testified he brandished one. We overrule appellant's first issue.

*Issue Two – Extraneous Offenses*

Next, the State proffered evidence of extraneous offenses during the punishment phase of the trial. That evidence consisted of six aggravated robberies purportedly committed by appellant. Two occurred the night of the Denny's robbery. Their locations were a local Valero station and a movie theater. The other four occurred at business establishments, as well, but many months earlier. The establishments were Savers, Kaleidoscoops, Taco Bell, and Long John Silver's. Appellant contends that the State failed to present legally sufficient evidence proving, beyond reasonable doubt, that he committed the latter four crimes. He does not dispute on appeal that he committed the Valero and theater aggravated robberies, however.

Statute provides that the State may offer during the punishment phase of the trial "any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2018). Moreover, the trial court must instruct the jury that, before considering such extraneous offense evidence in determining punishment, the jurors first must determine whether the State proved, beyond reasonable doubt, that the accused committed the crimes. *Martinez v. State*, No. 01-09-00724-CR, 2010 Tex. App. LEXIS 1544, at *8 (Tex. App.—Houston [1st Dist.] Mar. 4, 2010, pet. ref'd) (mem. op., not

designated for publication).  The problem we have here concerns the tenor of appellant's argument.  We are left to wonder if he avers that 1) the trial court erred in admitting evidence of the four earliest aggravated robberies because the decision failed to comport with article 37.07, § 3(a)(1), or 2) irrespective of the legitimacy of the trial court's decision, the jury could not consider the four earliest extraneous offenses because the State failed to present legally sufficient evidence establishing he committed them.  If the latter, then our response would be the following.

Unlike reviewing the legal sufficiency of evidence proving an actual conviction, intermediate appellate courts do not undertake an independent legal sufficiency review with regard to the quantum of evidence underlying proof of an extraneous offense admitted under article 37.07, § 3(a)(1).  *Wilson v. State*, No. 05-16-01066-CR, 2017 Tex. App. LEXIS 12075, at *10–11 (Tex. App.—Dallas Dec. 28, 2017, pet. ref'd) (mem. op., not designated for publication); *Hopes v. State*, No. 14-14-00403-CR, 2015 Tex. App. LEXIS 11468, at *14–15 (Tex. App.—Houston [14th Dist.] Nov. 5, 2015, pet. ref'd) (mem. op., not designated for publication)*; Malpica v. State*, 108 S.W.3d 374, 378–79 (Tex. App.—Tyler 2003, pet. ref'd).  Rather, "the only review possible of the sufficiency of the proof of an extraneous offense introduced at the punishment stage is a review under an abuse of discretion standard of the trial judge's threshold ruling on admissibility."  *Malpica*, 108 S.W.3d at 379; *accord Garcia v. State*, No. 05-05-00926-CR, 2006 Tex. App. LEXIS 5463, at *7–9 (Tex. App.—Dallas June 27, 2006, no pet.) (mem. op., not designated for publication) (quoting *Malpica*, 108 S.W.3d at 379, and stating the same).  Appellant here neither says anything specifically about that standard nor attempts to expressly apply it in his briefing.

On the other hand, if his generalized attack could be read as one intending to complain of the trial court's decision to admit evidence of the four earliest robberies, we say as follows. With regard to each crime, one or more witnesses present at the respective event identified appellant as the individual who pointed the gun while committing the respective robbery. Generally, the testimony of only one witness identifying the accused as the culprit is sufficient to support guilt. *See Harmon v. State*, 167 S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (rejecting the argument that the evidence was insufficient because only one witness identified him and stating that "Newby's testimony standing alone is sufficient to support appellant's conviction"); *see also Vernon v. State*, 571 S.W.3d 814, 820 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd) (stating that the testimony of a single eyewitness is sufficient to support a conviction). If one witness identifying appellant as the assailant is enough evidence to support an assailant's conviction, beyond reasonable doubt, it also is enough to satisfy the evidentiary burden imposed under article 37.07, § 3(a)(1). Consequently, we cannot say that the trial court abused its discretion in admitting evidence of the four earliest robberies in contravention of that statute.

Finally, we also note the presence of evidence that appellant committed two other armed robberies immediately prior to arriving at Denny's. He does not question, on appeal, whether the evidence illustrated he was the assailant in those crimes. To that we add the fact that aggravated robbery is a felony of the first degree. TEX. PENAL CODE ANN. § 29.03(b). Such a felony carries a potential sentence anywhere from no less than five to no greater than ninety-nine years' imprisonment. *Id.* § 12.32(a) (West 2019). Here, appellant received a sentence of forty years' imprisonment. It is rather difficult to

conclude, under these circumstances, that admission of the extraneous offense evidence encompassing the earliest four robberies somehow harmed appellant when he does not contest the evidence illustrating he committed two equally heinous aggravated robberies before arriving at Denny's to commit a third. Though not exactly on point, application of the rule about admitting without objection the same or similar evidence to that against which an objection is lodged negating harm or curing error seems appropriate under the circumstances at bar. *See Castleman v. State*, No. 07-18-00296-CR, 2019 Tex. App. LEXIS 2124, at *2 (Tex. App.—Amarillo Mar. 18, 2019, no pet.) (per curiam) (mem. op., not designated for publication) (stating that the admission of the same or similar evidence elsewhere in the trial without objection cures any purported error).

We overrule each of appellant's issues and affirm his conviction.


Brian Quinn
Chief Justice


Do not publish.