PD-1169-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/8/2015 10:16:10 AM
Accepted 10/8/2015 4:10:43 PM
ABEL ACOSTA
CLERK

NO. PD-1169-15

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS
AT AUSTIN

FILED IN
COURT OF CRIMINAL APPEALS

October 8, 2015

ABEL ACOSTA, CLERK

ERRINGTON CHARLES HATCH,
Appellant

v.

THE STATE OF TEXAS,
Appellee

*On appeal in Cause No. F11-59284-K
from the Criminal District Court No. 4
Of Dallas County, Texas
And on Petition for Discretionary Review from
the Fifth District of Texas at Dallas
In Cause No. 05-13-01710-CR*

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

*Counsel of Record:*

**Lynn Richardson**
**Chief Public Defender**

**Katherine A. Drew**
**Chief, Appellate Division**

**Nanette Hendrickson**
**Assistant Public Defender**
Dallas County Public Defender's Office
State Bar Number: 24081423
133 N. Riverfront Blvd., LB 2
Dallas, Texas 75207-399
(214) 653-3550 (*telephone*)
(214) 653-3539 (*fax*)

ATTORNEYS FOR PETITIONER/APPELLANT

# LIST OF PARTIES

**TRIAL COURT JUDGE**
Dominique Collins –Criminal District Court No. 4

**APPELLANT**
Errington Charles Hatch

**APPELLANT'S ATTORNEYS**
**AT TRIAL**
Paul Brauchle, State Bar No. 02918000
4131 North Central Expressway, Ste. 680
Dallas, Texas 75204-2171

**ON APPEAL**
Nanette R. Hendrickson, State Bar No. 24081423
Assistant Public Defender
Dallas County Public Defender's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 2
Dallas, Texas 75207-4399

**STATE'S ATTORNEYS**
**AT TRIAL**
George B. Lewis, II, State Bar No. 24060167
Assistant District Attorney
Dallas County District Attorney's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399

**ON APPEAL**
Patricia Poppoff Noble, State Bar No. 15051250
Assistant District Attorney
Dallas County District Attorney's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399

# TABLE OF CONTENTS

LIST OF PARTIES..................................................................................... ii

INDEX OF AUTHORITIES ........................................................................iv

STATEMENT REGARDING ORAL ARGUMENT ...............................................1

STATEMENT OF THE CASE ......................................................................1

STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE ...................1

STATEMENT OF FACTS ............................................................................2

GROUND FOR REVIEW ............................................................................2

Whether the Court of Appeals failed to apply this Court's ruling
that requires the trial court to apply the specific facts of a case to
the law of parties in the jury charge upon the objection and request
of the defendant.

ARGUMENT ..............................................................................................2

FACTS .............................................................................................3

APPLICABLE LAW ...........................................................................5

THE COURT OF APPEALS' HOLDING IS INCORRECT .........................5

CONCLUSION .................................................................................9

PRAYER FOR RELIEF ..............................................................................10

CERTIFICATE OF SERVICE .....................................................................10

CERTIFICATE OF COMPLIANCE...............................................................11

# INDEX OF AUTHORITIES

**Cases**

*Campbell v. State*,
910 S.W.2d 475 (Tex. Crim. App. 1995)............................................. 2, 5, 6, 7

*Hatch v. State*,
No. 05-13-01710-CR, 2015 Tex. App. LEXIS 8358 (Tex. App.—Dallas
August 10, 2015) .......................................................................................2, 6

*Johnson v. State*,
739 S.W.2d 299 (Tex. Crim. App. 1987).......................................................5

*Jones v. State*,
815 S.W.2d 667 (Tex. Crim. App. 1991).......................................................5

*Vasquez v. State,*
389 S.W.3d 361 (Tex. Crim. App. 2012)............................................... 5, 6, 8

**Statutes**

TEXAS PENAL CODE § 29.03.................................................................................3

**Rules**

TEX. R. APP. P. 68.4(i) .......................................................................................2

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

Errington Charles Hatch, Appellant, respectfully presents to this Honorable Court his Petition for Discretionary Review of the Fifth District Court of Appeals' Opinion affirming the trial court's judgment.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument because this case presents a question of law on issues having statewide impact and possible reoccurrence. Oral argument may be helpful to the members of this Court in the resolution of the issues presented.

## STATEMENT OF THE CASE

Appellant was charged by indictment with aggravated robbery with a deadly weapon. (CR: 12). On November 26, 2013, Appellant pled not guilty to the indictment and was tried and convicted by a jury. (RR2: 118; RR3: 99). The trial court determined punishment at a hearing on November 26, 2013. (RR4: 1-95). Following the punishment hearing, the trial court sentenced Appellant to forty years' imprisonment. (RR5: 14; CR: 67). Appellant timely filed his notice of appeal on November 26, 2013. (CR: 72).

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

On August 10, 2015, in an unpublished opinion authored by Justice Francis, the Court of Appeals for the Fifth District of Texas affirmed the

1

trial court's judgment. *Hatch v. State*, No. 05-13-01710-CR, 2015 Tex. App. LEXIS 8358, * 17 (Tex. App.—Dallas August 10, 2015). This Court granted an extension of time to file a Petition for Discretionary Review, which is timely if filed on or before October 9, 2015.

## STATEMENT OF FACTS

The facts of this case, which are extensive, are adequately recited in the Court of Appeal's opinion, which is attached to this Petition as required by TEX. R. APP. P. 68.4(i).

Suffice it to say that Appellant was charged with and convicted of aggravated robbery with a deadly weapon. (CR: 12; 67).

## GROUND FOR REVIEW

**Whether the Court of Appeals failed to apply this Court's ruling that requires the trial court to apply the specific facts of a case to the law of parties in the jury charge upon the objection and request of the defendant.**

## ARGUMENT

The Court of Appeals failed to apply the standard stating that "[a] defendant who objects to a general reference to the law of parties in the application paragraph is entitled to increased specificity and to have the law of parties applied to the facts of the case." *Campbell v. State*, 910 S.W.2d 475, 477 (Tex. Crim. App. 1995).

2

**FACTS**

Appellant was indicted of aggravated robbery with a deadly weapon, a firearm, pursuant to Texas Penal Code § 29.03. (CR: 12). The indictment stated that Appellant did the following:

> On or about the 28th day of August, 2011 in the County of Dallas, did then and there intentionally and knowingly while in the course of committing theft of property and with intent to obtain or maintain control of said property, threaten and place BREYSHAIA THOMAS in fear of imminent bodily injury and death, and the defendant used and exhibited a deadly weapon, to-wit: A FIREARM…

(CR: 12). The trial court included two paragraphs in its application paragraph of the jury charge. (CR: 77-78). The first paragraph instructed the jury on aggravated robbery. (CR: 77). The second paragraph was an instruction regarding the lesser-included offense of robbery, as requested by Appellant. (CR: 77; RR3: 66). The application paragraphs read as follows:

> Now, therefore, if you believe from the evidence beyond a reasonable doubt that, the defendant, ERRINGTON CHARLES HATCH, acting as a party, entered into a conspiracy to rob BREYSHIA THOMAS, on or about the 28th day of August, A.D., 2011, in DALLAS COUNTY, Texas, while in the course of committing theft of personal property, from BREYSHIA THOMAS, by intentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, and the defendant, ERRINGTON CHARLES HATCH, pursuant to said conspiracy, if any, with the intent to promote or assist DOMINIC EDWARDS or MICHAEL LOCKETT in the commission of said robbery, BREYSHIA THOMAS was threatened or placed in fear of imminent bodily injury or death,

3

and at the time of the robbery, if any, was acting or and aiding the said DOMINICK EDWARDS and MICHAEL LOCKETT of said robbery of BREYSHIA THOMAS, and was done in furtherance of the conspiracy to rob BREYSHIA THOMAS, if any, and was an offense that should have been anticipated as a result of the carrying out of the conspiracy, then you will find the defendant, ERRINGTON CHARLES HATCH, guilty of Aggravated Robbery.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of Aggravated Robbery and consider the lesser offense of Robbery.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 28th day of August, A.D., 2011 in Dallas County, Texas, the Defendant, ERRINGTON CHARLES HATCH, while in the course of committing theft of property, and with intent to obtain or maintain control of said property of BREYSHIA THOMAS, hereinafter called complainant, by threatening or placing complainant in fear of imminent bodily injury or death, then you will find the Defendant guilty of ROBBERY.

(CR: 77-78). Appellant objected to the charge and requested the trial court include the specific conduct by Appellant that constituted party liability in the application paragraph. (RR3: 65-68). Specifically, Appellant asked that the jury charge state what Appellant did "to solicit, encourage, direct, aid or attempt to aid that person in his threatening Breyshia Thomas." (RR3: 65). The trial court denied Appellant's motion. (RR3: 68).

4

**APPLICABLE LAW**

"The application paragraph of a jury charge is that which authorizes conviction, and an abstract charge on a theory of law which is not applied to the facts is insufficient to bring that theory before the jury." *Campbell,* 910 S.W.2d at 477, *citing Jones v. State*, 815 S.W.2d 667, 669 (Tex. Crim. App. 1991). "If the application paragraph of the jury charge refers to the law of parties in the abstract portion of the charge, then the jury is authorized to convict upon a parties theory." *Id.*, *citing Johnson v. State*, 739 S.W.2d 299, 305 n. 4 (Tex. Crim. App. 1987) (overruled on other grounds).

A defendant who objects to the charge and requests a more specific application of the facts of the case to the law of parties in the application paragraph is entitled to that instruction. *Id.* Therefore, it is reversible error for the trial court to deny a defendant's request to specifically apply the facts of the case to the law of parties in the application paragraph of the jury charge if the defendant has suffered harm to his rights. *Vasquez v. State,* 389 S.W.3d 361, 368 (Tex. Crim. App. 2012).

**THE COURT OF APPEALS' HOLDING IS INCORRECT**

The Court of Appeals' decision is in conflict with the holding of this Court.

The Court of Appeals in its opinion cited *Vasquez v. State* to say a "defendant, upon request, is entitled to a narrowing of the specific statutory modes of conduct that constitute party liability—whether he solicited, encouraged, directed, aided or attempted to aid another specified person to commit the offense." *Hatch*, 2015 Tex. App. LEXIS 8358, at *11, *quoting Vasquez v. State*, 389 S.W.3d 361, 368 (Tex.Crim. App. 2012). Yet, in the same paragraph, the opinion states the following:

> [a]ppellant has not cited us to any law, nor have we found any, that requires the trial court to set out the "specific acts" constituting the statutory mode of conduct. Because the trial court did not err in denying appellant's request, we overrule the third issue.

*Id.* at *11-12. In that statement, the Court of Appeals ignored the fact that they cited the applicable law, *Vasquez*, just two sentences prior. *Vasquez*, 389 S.W.3d at 368 (Tex.Crim. App. 2012). In fact, *Vasquez* specifically states:

> if the defendant does request that the application paragraph refer *only* to those specific party-liability acts that are supported by the evidence, then he is entitled to such a narrowing. The failure to narrow the specific modes of party-liability conduct when properly requested is reversible error if the defendant has suffered actual harm to his rights.

*Id*. Furthermore, Appellant cited both *Vasquez v. State* and *Campbell v. State* in its brief. *See* Appellant's Brief at p. 13, *citing Vasquez*, 389 S.W.3d at 368; *quoting Campbell v. State*, 910 S.W.2d 475, 477 (Tex. Crim. App.

1995). *Campbell* states "a defendant who objects to a general reference to the law of parties in the application paragraph is entitled to increased specificity and to have the law of parties applied to the facts of the case." *Id*.

Despite the fact the Court of Appeals had the applicable law before them; they failed to apply it in Appellant's case. Had the Court of Appeals done so, the proper analysis would have been as follows: the record shows Appellant objected to the charge and moved the trial court to specifically include in the jury charge what Appellant did "to solicit, encourage, direct, aid or attempt to aid that person in his threatening Breyshia Thomas." (RR3: 65). The trial court denied Appellant's motion. (RR3: 68).

According to *Campbell*, Appellant was entitled to an instruction specifically applying the facts of his case to the law of parties upon Appellant's request. *Id*. Since Appellant was entitled to that instruction upon objection and request, it was error for the trial court to deny Appellant's motion to apply the facts of his case to the law of parties in the jury charge. As such, the Court of Appeals should have found as error the trial court's refusal of Appellant's objection and request.

Moreover, Appellant certainly sustained harm from failure to apply the specific facts of his case to the parties' language as he requested. In analyzing the harm to Appellant, the trial court must look at the entire

charge as a whole, the evidence at trial, and the arguments of counsel. *Vasquez*, 389 S.W.3d 371-372.

The charge, as a whole, was very confusing. The trial court included both parties and conspiracy language throughout the charge. Conspiracy requires an agreement and an overt action, no matter how small pursuant to that agreement. However, conviction under a theory of party liability requires a party acting with intent to promote or assist the commission of the offense to solicit, encourage, direct, aid or attempt to aid the other person. (CR: 76-77). The difference in the definitions created great potential for confusion among the jury. If the trial court had been specific regarding Appellant's actions possibly showing party liability, it might have helped clarify the confusion. However, it did not; therefore, the jury was left with three offenses to find Appellant guilty of instead of two, contributing to the possibility Appellant could have been convicted of an offense he was not charged with or improperly convicted under a theory of party liability.

The evidence at trial did not show Appellant possessed a gun; however, he was helping the other two men carry items in and out of the apartment. Depending on whether the jury believed the witnesses' testimony regarding the gun, it is possible that Appellant could have been found guilty, certainly of robbery, as a principal. It certainly would have aided the jury if

8

the specific actions of Appellant had been delineated for the jury in the charge as he requested.

The argument of defense counsel was that Appellant was not a party, but merely present at the scene. Defense counsel emphasized that the charge did not state what actions Appellant did to incur liability as a party. (RR3: 88-92). Furthermore, counsel argued that since the trial court did not specifically include what he did to incur that liability, the jury could not find him guilty as a party. (RR3: 92). The State argued that Appellant driving and carrying items out of the home could make him liable as a party. (RR3: 95-96). Therefore, there was some discrepancy in how the law was interpreted during closing argument, which would contribute to any confusion caused by the errors in the charge.

The jury charge error affected Appellant's basic rights to have every element of the charge determined by a jury beyond a reasonable doubt and a jury verdict based only on the offense for which he was indicted. Therefore, the Court of Appeals should not only have found error in Appellant's case, but that Appellant was harmed as a result.

**CONCLUSION**

The Court of Appeals' decision to affirm the trial court's ruling is contrary to the rulings of this Court. This Court should grant discretionary

review to resolve this discrepancy between the Court of Appeal's ruling and the ruling of this Court.

## PRAYER FOR RELIEF

For the reasons herein alleged, Appellant prays this Court grant this petition and, upon reviewing the judgment entered below, remand the case for a new trial.

Respectfully submitted,

Lynn Richardson
Chief Public Defender

/s/ *Nanette Hendrickson*
Nanette Hendrickson
Assistant Public Defender
State Bar No. 24081423

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of October, a true copy of the foregoing petition for discretionary review was served on Lori Ordiway, Assistant District Attorney, Dallas County Criminal District Attorney's Office, 133 N. Riverfront Blvd., LB-19, 10th Floor, Dallas, Texas, 75207, by electronic and hand delivery; and was also served on, Lisa C. McMinn, State Prosecuting Attorney, P.O. Box 13046, Austin, Texas, 78711 by electronic delivery and by depositing same in the United States Mail, Postage Prepaid.

/s/ *Nanette Hendrickson*
Nanette Hendrickson

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing Petition for Discretionary Review contains 2,697 words.

/s/ *Nanette Hendrickson*
Nanette Hendrickson



**User Name:** nanette hendrickson
**Date and Time:** Oct 06, 2015   2:18 p.m. EDT
**Job Number:** 24657832

## Document(1)

1.   *Hatch v. State, 2015 Tex. App. LEXIS 8358*
     **Client/Matter:** -None-
     **Narrowed by:**

|  Content Type  |  Narrowed by  |
| --- | --- |
| Cases | -None- |

# *Hatch v. State*

Court of Appeals of Texas, Fifth District, Dallas

August 10, 2015, Opinion Filed

No. *05-13-01710-CR*

## Reporter

2015 Tex. App. LEXIS 8358

ERRINGTON CHARLES HATCH, Appellant v. THE STATE OF TEXAS, Appellee

**Notice:** PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**Prior History:** [*1] On Appeal from the Criminal District Court No. 4, Dallas County, Texas. Trial Court Cause No. F-1159284-K.

## Core Terms

deadly weapon, trial court, conspiracy, aggravated robbery, indictment, shoots, gun, argues, robbery, issues, jury charge, firearms, dark skinned, exhibition, commission of the offense, parties, robber, party liability, extraneous, comments, overrule, pet, beyond a reasonable doubt, complaints, complains, egregious, murder, autopsy report, light skinned, living room

## Case Summary

### Overview

HOLDINGS: [1]-Where defendant was charged as a co-conspirator under the law of parties and found guilty of aggravated robbery with a deadly weapon under *Tex. Penal Code Ann. § 29.03(a)(2)*, the trial court properly instructed the jury on criminal responsibility and the charge contained the statutory definition of conspiracy requested by defendant; [2]-The trial court committed harmless error because the application paragraph omitted the deadly weapon element; [3]-The state of the evidence supported the conclusion that defendant either used or exhibited a deadly weapon or was aware his co-conspirators did; [4]-The trial court did not err by entering the deadly weapon finding in the judgment; [5]-The record on appeal did not support defendant's ineffective assistance of counsel claim.

### Outcome

Judgment affirmed.

## LexisNexis® Headnotes

Criminal Law & Procedure > ... > Standards of Review > Harmless & Invited Error > Jury Instructions

Criminal Law & Procedure > Appeals > Reversible Error > Jury Instructions

Criminal Law & Procedure > Trials > Jury Instructions > Objections

Criminal Law & Procedure > ... > Reviewability > Preservation for Review > Failure to Object

*HN1* Appellate review of claims of jury charge error involves a two-step process. The appellate court first determines whether error exists in the charge; if not, the analysis ends. If error occurred, then the appellate court analyzes that error for harm, with the standard of review for harm being dependent on whether error was preserved for appeal. When the defendant fails to object, the appellate court will not reverse for jury charge error unless the record shows egregious harm to the defendant.

Criminal Law & Procedure > Accessories > General Overview

Criminal Law & Procedure > ... > Indictments > Contents > General Overview

*HN2* A person may be convicted as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both. *Tex. Penal Code Ann. § 7.01(a)* (2011). The law of parties, as set out in *Tex. Penal Code Ann. § 7.02*, may be applied to a case even though no such allegation is contained in the indictment. Under *Tex. Penal Code Ann. § 7.02(a)*, a person is criminally responsible as a party if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Tex. Penal Code Ann. § 7.02(a)(2)*.

Criminal Law & Procedure > ... > Inchoate Crimes > Conspiracy > Elements

Criminal Law & Procedure > Criminal Offenses > Classification of Offenses > Felonies

*HN3* See *Tex. Penal Code Ann. § 7.02(b)*.

Criminal Law & Procedure > Criminal Offenses > Classification of Offenses > Felonies

Criminal Law & Procedure > ... > Inchoate Crimes > Conspiracy > Elements

*HN4* See *Tex. Penal Code Ann. § 15.02(a)*.

Criminal Law & Procedure > ... > Standards of Review > Harmless & Invited Error > General Overview

*HN5* Under the doctrine of invited error, if a party requests or moves the court to make an erroneous ruling, and the court rules in accordance with the request or motion, the party responsible for the court's action cannot take advantage of the error on appeal.

Criminal Law & Procedure > ... > Standards of Review > Harmless & Invited Error > Jury Instructions

Criminal Law & Procedure > ... > Jury Instructions > Particular Instructions > Elements of Offense

*HN6* A jury charge must distinctly set out the law applicable to the case and all the essential elements of the offense. When an element of an offense has been omitted, there is jury charge error, and it is subject to harm analysis.

Criminal Law & Procedure > ... > Standards of Review > Harmless & Invited Error > General Overview

*HN7* To determine egregious harm, the appellate court examines the entire jury charge, the state of the evidence, including contested issues and weight of probative evidence, the arguments of counsel, and other relevant information revealed by the record of the trial as a whole. Errors that result in egregious harm are those that deprive appellant of a valuable right, affect the very basis of the case, or vitally affect a defensive theory.

Criminal Law & Procedure > Trials > Jury Instructions > General Overview

*HN8* A jury charge is adequate if it contains an application paragraph specifying all of the conditions to be met before a conviction under such theory is authorized, contains an application paragraph authorizing a conviction under conditions specified by other paragraphs of the jury charge

to which the application paragraph necessarily and unambiguously refers, or contains some logically consistent combination of such paragraphs.

Criminal Law & Procedure > Accessories > Aiding & Abetting

Criminal Law & Procedure > Criminal Offenses > Acts & Mental States > Actus Reus

*HN9* A defendant, upon request, is entitled to a narrowing of the specific statutory modes of conduct that constitute party liability—whether he solicited, encouraged, directed, aided or attempted to aid another specified person to commit the offense. No law requires the trial court to set out the specific acts constituting the statutory mode of conduct.

Criminal Law & Procedure > ... > Weapons Offenses > Use of Weapons > General Overview

Criminal Law & Procedure > Trials > Entry of Judgments

Criminal Law & Procedure > ... > Indictments > Contents > General Overview

Criminal Law & Procedure > Juries & Jurors > Province of Court & Jury > Factual Issues

*HN10* If the use of a deadly weapon is an element of the charged offense and is alleged in the indictment, and the jury finds the defendant guilty as alleged in the indictment, then that finding necessarily supports entry of an affirmative finding in the use or exhibition of a deadly weapon in the judgment.

Criminal Law & Procedure > ... > Standards of Review > Abuse of Discretion > Evidence

Evidence > Admissibility > Conduct Evidence > Prior Acts, Crimes & Wrongs

Criminal Law & Procedure > Sentencing > Imposition of Sentence > Evidence

Evidence > ... > Procedural Matters > Objections & Offers of Proof > Objections

Criminal Law & Procedure > ... > Reviewability > Preservation for Review > Evidence

*HN11* The only review possible of the sufficiency of the proof of an extraneous offense offered at the punishment stage is a review under an abuse of discretion standard of the trial court's threshold ruling on admissibility. If the judge is satisfied there is evidence upon which a rational factfinder could find beyond a reasonable doubt that the defendant committed the extraneous misconduct, the defendant must object to the admissibility of the evidence to preserve error.

nanette hendrickson

Criminal Law & Procedure > ... > Reviewability > Preservation for Review > Constitutional Issues

Criminal Law & Procedure > ... > Reviewability > Preservation for Review > Requirements

Governments > Courts > Judges

Evidence > ... > Judicial Intervention in Trials > Comments by Judges > General Overview

Criminal Law & Procedure > Appeals > Reversible Error > Structural Errors

*HN12* Most appellate complaints must be preserved by a timely request for relief at the trial court level. *Tex. R. App. P. 33.1*. Even claims involving constitutional error, including claims that due process rights have been violated, must be preserved by objection or are waived. This general rule applies to complaints regarding improper judicial comments, except when the judicial comments rise to the level of fundamental error.

Criminal Law & Procedure > ... > Counsel > Effective Assistance of Counsel > Tests for Ineffective Assistance of Counsel

*HN13* To successfully assert an ineffective assistance of counsel challenge on direct appeal, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced him; that is, but for the deficiency, there is a reasonable probability that the result of the proceeding would have been different.

Criminal Law & Procedure > ... > Counsel > Effective Assistance of Counsel > General Overview

Criminal Law & Procedure > Appeals > Procedural Matters > Records on Appeal

*HN14* An ineffective assistance of counsel claim must be firmly founded in the record, and the record must affirmatively demonstrate the claim has merit. The appellate court commonly assumes a strategic motive if any can be imagined and finds counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it.

Criminal Law & Procedure > Appeals > Procedural Matters > Records on Appeal

Criminal Law & Procedure > ... > Counsel > Effective Assistance of Counsel > General Overview

Evidence > Inferences & Presumptions > Presumptions > Rebuttal of Presumptions

Criminal Law & Procedure > ... > Review > Specific Claims > Ineffective Assistance of Counsel

*HN15* A silent record which provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. Counsel should ordinarily be accorded the opportunity to explain his actions before being denounced as ineffective. Because the reasonableness of trial counsel's choices often involve facts that do not appear in the appellate record, an application for writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims.

**Counsel:** For Appellants: Nanette Hendrickson, Katherine A. Drew, Lynn Pride Richardson, Dallas, TX.

For Appellees: Patricia Poppoff Noble, Susan Hawk, Dallas, TX.

**Judges:** Before Justices Bridges, Francis, and Lang. Opinion by Justice Francis.

**Opinion by:** MOLLY FRANCIS

# Opinion

**MEMORANDUM OPINION**

Opinion by Justice Francis

After a jury convicted Errington Charles Hatch of aggravated robbery with a deadly weapon, the trial court assessed punishment at forty years in prison. In fifteen issues, appellant brings complaints about the jury charge, the affirmative deadly weapon finding, extraneous offense evidence, the trial court's partiality, and his counsel's representation of him. Having reviewed his complaints, we conclude they are without merit and affirm the trial court's judgment.

On the night of August 28, 2011, Breyshia Thomas was at home with her younger siblings, twelve-year-old Jamyra and five-year-old Bryan. Breyshia was in her bedroom, Jamyra was in her bedroom, and Bryan was in the living room. At about 11:15 p.m., Breyshia heard a "loud boom," realized someone had kicked in the door to their apartment, and knew they were being robbed. Three black men entered her room. Two of the men were darker skinned, and the third was "bright" or light skinned and had a cross **[*2]** tattoo on his face. The light-skinned robber, ultimately identified as Dominic Edwards, pointed a gun in Breyshia's face and

demanded money or he would shoot her. The two other robbers went into her sister's room.

Edwards pulled Breyshia into the living room so that she could turn off the security alarm, but Breyshia pretended she did not know the code. Bryan was crying, and Edwards threatened to shoot both of them if he did not stop. Breyshia and her brother went with Edwards to their mother's bedroom, where Breyshia found a safe in the closet. Edwards took the safe and left the room.

When Breyshia thought the men had left the house, she and her brother went into the living room, but the men returned and continued to remove property. The men were talking among each other, and all of them were carrying property out of the apartment. They took several electronic items, the safe, and an unopened surround sound system. Although she only saw Edwards handling a gun, she saw a second gun on the floor of the living room. Breyshia said she had never seen any of the men before that night.

Jamyra testified that when she heard the "loud boom," she hid in her closet. From there, she watched a short, **[*3]** fat black man with a gun and a mask or hat come into her room and go through her belongings. This robber, ultimately identified as Michael Lockett, took her laptop, iPad, and other things and left her room. After that, Jamyra ended up in the living room, where she saw a tall, darker-skinned man who told them to be quiet and asked for "the dope." In all, Jamyra said she saw three robbers: the short, fat black man; the tall, darker-skinned man, and a light-skinned man with a tattoo on his face. Two had guns: the short, fat black man and the tall, darker-skinned man. Jamyra said it was clear the men were working together to rob them.

Senior Corporal Cathy Blanchard of the Dallas Police Department was on patrol when she received a call for a burglary in progress. As she headed to the scene, she passed a vehicle matching the description of the suspect vehicle and turned around. From behind, she could see it was occupied by three black males as had also been described in the call. Blanchard stopped the vehicle and identified the occupants: appellant was driving, and Edwards and Lockett were passengers. Items taken in the burglary were found inside. In addition, a revolver, semiautomatic handgun, **[*4]** and ski mask were found under the rear passenger seat cushion. The three men were arrested.

Hours after the robbery, Breyshia and Jamyra were shown photographic lineups, and Edwards and Lockett were identified as two of the robbers. Appellant was not identified by either Breyshia or Jamyra, but his fingerprints were found inside the apartment.

At trial, appellant was charged as a co-conspirator under the law of parties, and the jury found him guilty of aggravated robbery with a deadly weapon. Appellant elected to have the trial court determine his punishment. At the punishment hearing, the State presented evidence of appellant's involvement, two months before this offense, in a capital murder/attempted murder that left one man dead and another injured.

Terrance Robertson, the surviving witness in the prior offenses, testified he and a friend, Geoffrey Sowels, were sitting in a truck outside his apartment on June 5, 2011 when two black men approached them asking for drugs. Robertson said one of the men was slim and light skinned and the other was heavy set and dark skinned. The dark-skinned man pulled a gun, reached in the truck, patted Sowels's pockets, and demanded everything he had. **[*5]** Sowels said he did not have anything, and the man shot Sowels and told his cohort to "[r]un around there and shoot him," referring to Robertson. The light-skinned man shot Robertson in the side, and then both men fled. Sowels died, and Robertson was hospitalized for a week.

During his testimony, Robertson did not identify appellant as one of the assailants, and after the defense cross-examined him, the trial judge asked some questions to clarify which robber shot which person:

> THE COURT: So when all this is happening, you saw the guy with the tattoo on his face?
>
> [ROBERTSON]: I didn't see no guy with a tattoo on his face.
>
> THE COURT: Which one shoots, the light skinned one, right?
>
> [ROBERTSON]: The dark skinned one. The heavy set one.
>
> THE COURT: The dark skinned one.
>
> [PROSECUTOR]: Just, let me clear it up. The dark skinned one shoots Geoffrey, correct?
>
> [ROBERTSON]: Right.
>
> THE COURT: And the light skinned one shoots you?
>
> [ROBERTSON]: Shoots me.
>
> [THE COURT]: All right. So the dark skinned one shoots [Sowels]?
>
> [ROBERTSON]: Yes.
>
> [THE COURT]: And the light skinned one shoots him?

[PROSECUTOR]: Yes.

[THE COURT]: The dark skinned one is Mr. Lockett?

[PROSECUTOR]: Judge, at this point there hasn't been any evidence [*6] of any identification, but if you are asking me, the State tenders to the Court that Mr. Hatch was the dark skinned shooter.

[THE COURT]: Okay. That's what I'm trying to figure out, who is the dark skinned one. Is it Hatch or Lockett?

[PROSECUTOR]: It's Hatch.

After this exchange, Robertson asked to be allowed to show the trial court how the shootings occurred, and the trial court agreed. Robertson then described how the shootings occurred in more detail.

Following Robertson's testimony, the investigating detective testified about how he identified appellant as the dark-skinned shooter in the June 5 offenses. According to the detective, the bullet recovered from Sowels's body was fired from one of the guns found in the back seat of the getaway vehicle in the aggravated robbery at issue here. As a result, the detective began investigating the three suspects in this offense, including appellant. He learned appellant's cell phone number and obtained his cell phone records, which showed appellant made and received several calls in the area both before and after the shooting. The detective also learned from a witness that Edwards (the light-skinned suspect) and appellant were at the location [*7] that night before the shootings.

The State attempted to call the medical examiner to explain the autopsy report on Sowels, but the trial court refused, saying the court could read the autopsy report. Thereafter, the autopsy report, firearms report, National Integrated Ballistics Information Network (NIBIN)[1] hit reports, and autopsy photographs were admitted without objection. After hearing the evidence and argument of counsel, the trial court assessed punishment at forty years in prison and indicated its decision was impacted by Robertson's testimony.

In his first, second, and third issues, appellant contends he is entitled to reversal because of errors in the jury charge. Specifically, he argues the trial court erred by (1) instructing the jury on the unindicted offense of conspiracy, (2) failing to include the element of a deadly weapon in the application [*8] paragraph, and (3) denying his request to include the specific acts of party liability in the application paragraph.

HN1 Appellate review of claims of jury charge error involves a two-step process. *Ngo v. State, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)*. We first determine whether error exists in the charge; if not, our analysis ends. *Id.* If error occurred, then we analyze that error for harm, with the standard of review for harm being dependent on whether error was preserved for appeal. *See id.* When the defendant fails to object, we will not reverse for jury charge error unless the record shows "egregious harm" to the defendant. *Id.*

Appellant was indicted on a charge of aggravated robbery that alleged he used or exhibited a deadly weapon. *See Tex. Penal Code Ann. § 29.03(a)(2)* (West 2011). The abstract portion of the charge defined party liability and party liability as a co-conspirator under *penal code section 7.02* and further defined conspiracy under *penal code section 15.02*. *See id. §§ 7.02(a)(2),(b)* (criminal responsibility for the conduct of another) & *15.02(a)(1)(2),(b)* (criminal conspiracy) (West 2011). The application paragraph then authorized appellant's conviction for aggravated robbery on the conspiracy theory of party liability and read as follows:

Now, therefore, if you believe from the evidence beyond a [*9] reasonable doubt that, the defendant, ERRINGTON CHARLES HATCH, acting as a party, entered into a conspiracy to rob BREYSHIA THOMAS, on or about the 28th day of August, A.D., 2011, in DALLAS COUNTY, Texas, while in the course of committing theft of personal property, from BREYSHIA THOMAS, by intentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, and the defendant, ERRINGTON CHARLES HATCH, pursuant to said conspiracy, if any, with the intent to promote or assist DOMINIC EDWARDS or MICHAEL LOCKETT in the commission of said robbery, BREYSHIA THOMAS was threatened or placed in fear of imminent bodily injury or death, and at the time of the robbery, if any, was acting or and aiding the said DOMINIC EDWARDS and MICHAEL LOCKETT of said robbery of BREYSHIA THOMAS, and was done in furtherance of the conspiracy to rob BREYSHIA THOMAS, if any, and was an offense that should have been anticipated as a result of the carrying out of the conspiracy, then you will find the defendant, ERRINGTON CHARLES HATCH, guilty of Aggravated Robbery.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt [*10] thereof, you will acquit

---

[1] NIBIN is a ballistics database that stores the imaging of bullet and casing signatures and allows law enforcement agencies to compare bullets and casings found at different crime scenes for connections between crimes. Kathryn E. Carso, Comment, *Amending the Illinois Postconviction Statute to Include Ballistics Testing*, 56 DePaul L. Rev. 695, 701-01 (2007).

nanette hendrickson

the defendant of Aggravated Robbery and consider the lesser offense of Robbery.

In his first issue, appellant argues the trial court improperly included the definition of conspiracy in the abstract and application paragraphs of the charge when appellant was not indicted on a conspiracy charge. By doing so, he asserts the trial court authorized conviction for an offense—criminal conspiracy—not alleged in the indictment. The State counters that appellant "confuses" an instruction on the separate offense of criminal conspiracy with the instruction actually given, criminal responsibility under the conspiracy theory of law of parties. We agree with the State.

*HN2* A person may be convicted as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both. *See Tex. Penal Code Ann. § 7.01(a)* (West 2011). The law of parties, as set out in *section 7.02*, may be applied to a case even though no such allegation is contained in the indictment. *Montoya v. State, 810 S.W.2d 160, 165 (Tex. Crim. App. 1989)*. Under *section 7.02(a)*, a person is criminally responsible as a party if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts **[*11]** to aid the other person to commit the offense. *Tex. Penal Code Ann. § 7.02(a)(2)*. *Section 7.02(b)* provides another theory of party liability as a co-conspirator:

> *HN3* If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

*Id. § 7.02(b)*. The abstract portion of the court's charge included instructions from both *(a)* and *(b) of section 7.02*.

At the charge conference, appellant objected that the charge did not contain a definition of conspiracy and urged the court to include the penal code definition. Although the court initially balked at appellant's request, it ultimately included the following *HN4 section 15.02(a)* definition:

A person commits criminal conspiracy if, with intent that a felony be committed:

> (1) he agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense; and

(2) he or one or more of them performs an overt act in pursuance of the agreement.

An agreement constituting **[*12]** a conspiracy may be inferred form the acts of the parties.

*HN5* Under the doctrine of invited error, if a party requests or moves the court to make an erroneous ruling, and the court rules in accordance with the request or motion, the party responsible for the court's action cannot take advantage of the error on appeal. *Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999)*; *Willeford v. State, 72 S.W.3d 820, 823-24 (Tex. App.—Fort Worth 2002, pet. ref'd)*. Here, appellant urged the court to include in the charge the penal code definition of conspiracy. Having done so, he is now in no position to complain about the definition in the charge when he requested it. *See Willeford, 72 S.W.3d at 823-24*.

Regardless, the court of criminal appeals addressed a similar complaint in *Montoya*, rejecting the argument that including the theory of conspiracy in the court's charge erroneously allowed the jury to consider whether the defendant was guilty of the separate offense of criminal conspiracy under *section 15.02*. *810 S.W.2d at 165*. The court held the charge, which defined the term "conspiracy," "merely contained an alternative 'parties' charge as provided" in *section 7.02(b)*. *Id.*; see *Murkledove v. State, 437 S.W.3d 17, 22-23 (Tex. App.—Fort Worth 2014, pet. dism'd, untimely filed)*. Likewise, in this case, the charge contained a parties charge with the statutory definition of conspiracy requested by appellant. We overrule the first issue.

In his second issue, appellant contends the trial court erred when **[*13]** it charged the jury on aggravated robbery with a deadly weapon but omitted the deadly weapon element from the application paragraph. He argues he was egregiously harmed by the omission because he was denied his right to have a jury determine every element of the offense beyond a reasonable doubt.

*HN6* A jury charge must distinctly set out the law applicable to the case and all the essential elements of the offense. *Martin v. State, 200 S.W.3d 635, 639 (Tex. Crim. App. 2006)*. When an element of an offense has been omitted, there is jury charge error, and it is subject to harm analysis. *Olivas v. State, 202 S.W.3d 137, 143 (Tex. Crim. App. 2006)*.

Here, the indictment alleged aggravated robbery with a deadly weapon; thus, use or exhibition of a deadly weapon was an element of the offense. Because the application paragraph omitted the deadly weapon element, it was incomplete and constituted error.

Having so concluded, we next decide whether sufficient harm was caused by the error to require reversal. Because

appellant did not object, we consider whether the error was egregious. *Warner v. State, 245 S.W.3d 458, 461-62 (Tex. Crim. App. 2008)*. **HN7** To determine egregious harm, we examine the entire jury charge, the state of the evidence, including contested issues and weight of probative evidence, the arguments of counsel, and other relevant information revealed by the record of **[*14]** the trial as a whole. *Id.* Errors that result in egregious harm are those that deprive appellant of a valuable right, affect the very basis of the case, or vitally affect a defensive theory. *Id*.

**HN8** A jury charge is adequate if it contains an application paragraph specifying all of the conditions to be met before a conviction under such theory is authorized, contains an application paragraph authorizing a conviction under conditions specified by other paragraphs of the jury charge to which the application paragraph necessarily and unambiguously refers, or contains some logically consistent combination of such paragraphs. *Plata v. State, 926 S.W.2d 300, 304 (Tex. Crim. App. 1996)*, *overruled on other grounds by Malik v. State, 953 S.W.2d 234, 239 (Tex. Crim. App. 1997)*.

Looking at the charge as a whole, the abstract portions accurately stated the substantive law on aggravated robbery, thus informing the jury of what the State had to prove. The first sentence of the charge informed the jury that appellant was charged by indictment with aggravated robbery. The abstract portion then defined aggravated robbery as a robbery committed with the use or exhibition of a deadly weapon. *See TEX. PENAL CODE ANN. § 29.03(a)(2)*. Robbery and deadly weapon were both correctly defined. *See id. §§ 29.02(a)(1)* (robbery) & *1.07(a)(17)(A),(B)* (deadly weapon). **[*15]** The application paragraph then referred to aggravated robbery. In the verdict form, the jury found appellant guilty of aggravated robbery "as charged in the indictment." We conclude the instructions and verdict form, read together, communicated to the jury that it had to find appellant was aware a deadly weapon was being used in the commission of the offense before it could convict him of aggravated robbery.

As for the state of the evidence, it supported the conclusion that appellant either used or exhibited a deadly weapon or was aware his co-conspirators did. Jamyra testified she saw two men with guns, one of whom was tall and dark skinned, and the jury could have concluded that man was appellant. At the very least, the evidence shows appellant was aware his cohorts were using guns during the robbery. Breyshia testified three men came into her room, and one of the men, identified as Edwards, had a gun. From this, a jury could have concluded appellant was aware a gun was being used to commit the robbery.

With regard to the jury arguments, defense counsel argued appellant should be acquitted because the State had not identified any "overt act" by appellant and had shown nothing more **[*16]** than appellant's presence at the scene. In response, the State pointed out evidence to show the three men were working together in the commission of the aggravated robbery. Beginning with Breyshia's testimony, the State detailed how the robbers kicked in the door and entered her room, and the "ringleader" Edwards pointed a gun at her "while the other two are standing right behind him. Errington Hatch and Michael Lockett." The State also recalled Jamyra's testimony that the tall, dark robber, who jurors could reasonably conclude was appellant, asked for "the dope." The State pointed out that appellant was driving the getaway car, where the stolen property, ski mask, and guns were found, and also reminded jurors that appellant's fingerprints were found in the apartment.

Finally, we consider other relevant information revealed by the record of the trial as a whole. The record shows the indictment was read to the jury at the commencement of trial, and alleged appellant "used and exhibited a deadly weapon, to-wit: A FIREARM." Because the jury found appellant guilty as charged in the indictment, it necessarily found the commission of aggravated robbery also involved the use or exhibition **[*17]** of a deadly weapon.

Having considered the error in light of the entire jury charge, the state of the evidence, the arguments of counsel, and other relevant information, we conclude the error did not cause egregious harm. We overrule the second issue.

In his third issue, appellant argues the trial court erred by denying his request to set out in the application paragraph the specific acts upon which party liability was based. He argues the trial court was required, upon his request, to "specifically include in the charge what [a]ppellant did 'to solicit, encourage, direct, aid, or attempt to aid that person in his threatening Breyshia Thomas.'" We disagree.

**HN9** A defendant, upon request, is entitled to a narrowing of the specific statutory modes of conduct that constitute party liability—whether he solicited, encouraged, directed, aided or attempted to aid another specified person to commit the offense. *Vasquez v. State, 389 S.W.3d 361, 368 (Tex. Crim. App. 2012)*. Here, the charge alleged appellant "was acting . . . or aiding" Edwards and Lockett in the robbery of Breyshia; thus, the charge narrowed the specific statutory mode of conduct that constituted party liability. Appellant has not cited us to any law, nor have we found any, that requires the trial court **[*18]** to set out the "specific acts" constituting the statutory mode of conduct. Because

nanette hendrickson

the trial court did not err in denying appellant's request, we overrule the third issue.

In his fourth and fifth issues, appellant argues the trial court erred by entering a deadly weapon finding in the judgment because it is not supported by an express jury finding. Additionally, he asserts the trial court did not make a specific finding that appellant, who was convicted under the law of parties, knew the firearm would be used during the commission of the crime. He argues that when the law of parties is applied, an affirmative finding of a deadly weapon may only be entered when the court finds the appellant knew the deadly weapon would be used in the commission of the offense.

*HN10* If the use of a deadly weapon is an element of the charged offense and is alleged in the indictment, and the jury finds the defendant guilty as alleged in the indictment, then that finding necessarily supports entry of an affirmative finding in the use or exhibition of a deadly weapon in the judgment. *Sarmiento v. State, 93 S.W.3d 566, 570 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd)*.

Here, appellant was charged with aggravated robbery, and the indictment included, as one of the elements, the allegation that he [*19] "used and exhibited a deadly weapon, to-wit: A FIREARM." The jury found appellant guilty "as charged in the indictment." Thus, before the jury was authorized to find appellant guilty, even as a party, it first had to believe beyond a reasonable doubt that he knew a deadly weapon would be used in the commission of the offense. *See id.*; *Hurd v. State, 322 S.W.3d 787, 793 (Tex. App.—Fort Worth 2010, no pet.)*. By its verdict, the jury necessarily made the factual finding to support entry of the affirmative finding of the use or exhibition of a deadly weapon in the judgment. Accordingly, the trial court did not err by entering the finding in the judgment. We overrule the fourth and fifth issues.

In his sixth issue, appellant contends the trial court erred by admitting evidence of the extraneous offenses of capital murder/attempted murder during the punishment phase because there was insufficient evidence to show he committed the offenses beyond a reasonable doubt.

Although appellant couches his issue in terms of sufficiency, *HN11* the only review possible of the sufficiency of the proof of an extraneous offense offered at the punishment stage is a review under an abuse of discretion standard of the trial court's threshold ruling on admissibility. *Malpica v. State, 108 S.W.3d 374, 379 (Tex. App.—Tyler 2003, pet. ref'd)*; *Garcia v. State, No. 05-05-00926-CR, 2006 Tex. App.*

*LEXIS 5463, 2006 WL 1738303, at *3* (Tex. App.—Dallas [*20] June 27, 2006, no pet.) (not designated for publication). If the judge is satisfied there is evidence upon which a rational factfinder could find beyond a reasonable doubt that the defendant committed the extraneous misconduct, the defendant must object to the admissibility of the evidence to preserve error. *Malpica, 108 S.W.3d at 379*; *see Martinez v. State, No. 05-04-01491-CR, 2006 Tex. App. LEXIS 4506, 2006 WL 1430060, at *3* (Tex. App.—Dallas May 25, 2006, no pet.) (not designated for publication). Here, appellant did not object below that the evidence was insufficient to establish that he committed the offense and thus inadmissible. Consequently, he has forfeited his complaint. *Tex. R. App. P. 33.1(a)*; *Malpica, 108 S.W.3d at 379*; *Martinez, 2006 Tex. App. LEXIS 4506, 2006 WL 1430060, at *3*. We overrule the sixth issue.

In his seventh, eighth, and ninth issues, appellant contends the trial judge failed to act as an impartial tribunal in determining punishment. Specifically, he argues the trial court (1) improperly considered "extrajudicial information such as the police report, autopsy report, firearms examiner's report, and autopsy photos" that were unauthenticated and hearsay, (2) questioned the complaining witness in an extraneous offense and the prosecutor to obtain an in-court identification of appellant, and (3) prevented two State's witnesses—the medical examiner and firearms examiner—from [*21] testifying. Appellant argues these issues together.

With respect to the first complaint, the autopsy report, firearms report, and autopsy photos were all admitted into evidence without objection and therefore were not "extrajudicial information." As for the third complaint, the record shows the State indicated it wanted to call the firearms examiner as a witness but never actually did so. When the trial judge indicated it did not need to hear from the medical examiner, appellant did not object or indicate he wanted the opportunity to cross-examine him on his report. The second complaint involves the trial judge's action, as set out previously, in attempting to clarify evidence presented to her at punishment. Appellant did not complain below about any of the conduct at the time nor did he raise the matters in a motion for new trial. Additionally, appellant has not argued that he was not required to preserve error.

*HN12* Most appellate complaints must be preserved by a timely request for relief at the trial court level. *See Tex. R. App. P. 33.1*; *Unkart v. State, 400 S.W.3d 94, 98 (Tex. Crim. App. 2013)*; *Marin v. State, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993)*, *overruled on other grounds by Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)*. Even claims

nanette hendrickson

involving constitutional error, including claims that due process rights have been violated, must be preserved [*22] by objection or are waived. *Hull v. State, 67 S.W.3d 215, 218 (Tex. Crim. App. 2002)*; *Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990)*. More particularly, this general rule applies to complaints regarding improper judicial comments, except when the judicial comments rise to the level of fundamental error. *See Unkart, 400 S.W.3d at 99*; *Jasper v. State, 61 S.W.3d 413, 420-21 (Tex. Crim. App. 2001)* (concluding several types of comments—such as interjections by judge to correct misstatement or misrepresentation of previously admitted testimony, comments showing judge's irritation at defense counsel, comments related to maintaining control and expediting trial, and comments aimed at clearing up points of confusion—do not rise to level of fundamental error and objection required to preserve error).

The Texas Court of Criminal Appeal has, however, granted relief on an improper judicial comment complaint that was not preserved at trial. *See Blue v. State, 41 S.W.3d 129 (Tex. Crim. App.)* (plurality op.). There, the trial judge apologized to the jurors about the delay in the case, telling them the defendant was still deciding whether to accept the State's offer or go to trial. The trial judge told the jurors he would "prefer the defendant to plead" because it would give him "more time to get things done." *Id. at 130*. A plurality of the Court decided the judge's remarks vitiated the defendant's presumption of innocence and were fundamental [*23] error of constitutional dimension that required no objection. *Id. at 131-32*. Since *Blue*, the Court has explained it is without "precedential value" as a plurality opinion and may only be considered for any persuasive value it may have. The complained-of comments and conduct in this case, however, did not implicate appellant's "presumption of innocence" and were not made to a jury, so any "persuasive value" *Blue* could have is simply not present.

Here, appellant did not object to any of the comments or conduct by the trial court that he complains about on appeal. When the trial court asked if there was any reason why appellant should not be sentenced, defense counsel said, "No, Your Honor." Because the record does not demonstrate the unique circumstances that would allow us to review the issues in the absence of objection, we conclude appellant has failed to preserve these complaints for our review. We overrule issues seven, eight, and nine.

In issues ten through fifteen, appellant argues counsel provided ineffective assistance at punishment by failing to object to evidence of the extraneous offense evidence. Specifically, he argues counsel failed to object to the admission of unauthenticated, hearsay [*24] autopsy, firearms, and NIBIN hit reports as well as fourteen autopsy photographs, all related to the extraneous capital murder/attempted murder offenses. In addition, he complains counsel did not object when the trial court barred two State's witnesses—the medical examiner and the firearms examiner—from testifying about the information in those reports, which he contends then prevented counsel from cross-examining the witnesses about the reports. He argues that trial counsel should have objected to all of the evidence as irrelevant because he was not identified by the surviving victim as the perpetrator and there was no strategic reason not to object.

*HN13* To successfully assert an ineffective assistance of counsel challenge on direct appeal, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced him; that is, but for the deficiency, there is a reasonable probability that the result of the proceeding would have been different. *Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003)*. *HN14* An ineffective assistance of counsel claim must be "firmly founded in the record," and the record must "affirmatively demonstrate" the claim has merit. *Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)*. We commonly [*25] assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it. *Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005)*.

The court of criminal appeals has made clear that, in most cases, *HN15* a silent record which provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Rylander, 101 S.W.3d at 110*. Further, counsel should ordinarily be accorded the opportunity to explain his actions before being denounced as ineffective. *Menefield v. State, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012)*. Because the reasonableness of trial counsel's choices often involve facts that do not appear in the appellate record, an application for writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims. *See Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)*.

In this case, appellant did not file a motion for new trial addressing the reasons for trial counsel's actions and thus has not developed a record showing why counsel failed to object to the admission of the various evidence. Appellant's complaints may or may not be grounded in sound trial strategy, but the record is silent as to trial counsel's reasons

for doing or failing to do the things of which appellant complains. Because the record **[*26]** provides no explanation for counsel's actions or inactions, appellant has not met his burden of overcoming the strong presumption of reasonable assistance. We overrule issues ten through fifteen.

We affirm the trial court's judgment.

/Molly Francis/

MOLLY FRANCIS

JUSTICE

Do Not Publish

*TEX. R. APP. P. 47.2(b)*

**JUDGMENT**

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 10, 2015.